**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **KENNETH BROWNING, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **NO. 3:21-cv-120-CAR-CHW** |
| **VS.** | : | |
| | : | |
| **SHERIFF'S DEP'T OF** | : | |
| **ATHENS-CLARK COUNTY,** | : | |
| *et al.*, | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| **Defendants.** | : | |
| _____ | : | |

## <u>ORDER AND RECOMMENDATION</u>

Plaintiff Kenneth Browning, Jr., a former prisoner, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Since filing his complaint, Plaintiff has been released from prison and has submitted a non-prisoner application to proceed *in forma pauperis*. ECF No. 7. A review of the application shows Plaintiff does not have sufficient funds to pay the filing fee and, therefore, his motion to proceed *in forma pauperis* is **GRANTED**.

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.    <u>Standard of Review</u>

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding *in forma pauperis*.

Both statutes apply in this case, and the standard of review is the same.  When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted).  The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted)*.*  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id.* at

2

556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.     Factual Allegations

Plaintiff states that he was released from Jackson State Prison on July 30, 2021, and was transported to the Clarke County Jail. ECF No. 1 at 5. At that time, Plaintiff was five and a half weeks into an eight-week treatment for hepatitis C. *Id*. Nurse Trotter at Jackson State Prison told Plaintiff that the Athens-Clarke County Sheriff's transporting officer must come to the medical department to pick up Plaintiff's hepatitis medication. *Id*. Plaintiff asked Corporal Appling, the transporting officer, to retrieve the hepatitis medication so it could be taken to the Clarke County Jail. *Id*. Corporal Appling refused to do so. *Id*.

When Plaintiff arrived at the Clarke County Jail, he told the medical staff about the hepatitis C medication he was taking. *Id*. According to Plaintiff, a member of the medical staff told Corporal Appling to return to Jackson State Prison and retrieve the medication because Plaintiff could not miss a day of treatment. *Id*. at 6. Corporal Appling refused. *Id*.

3

Because Corporal Appling refused to pick up Plaintiff's medication, Plaintiff was unable to finish his eight-week course of treatment for hepatitis C. *Id.* at 6-7.

Plaintiff seeks damages, further testing to determine the extent of damage to his liver, and to have the Athens-Clarke County Sheriff's Department pay for a second round of hepatitis C treatment. *Id.* at 7, 9.

III.   Plaintiff's Claims

Plaintiff has named two Defendants: (1) the Athens-Clarke County Sheriff's Department and (2) Corporal Appling.   He raises an Eighth Amendment deliberate indifference to serious medical needs claims against both.

"[D][eliberate indifference to serious medical needs of prisoners" is prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*. at 104-05.  Hepatitis C constitutes a serious medical need. *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).  Plaintiff alleges that Corporal Appling interfered with his prescribed treatment when he refused to transport Plaintiff's medication from Jackson State Prison to the Clarke County Jail.  ECF No. 1 at 5.  According to Plaintiff, Corporal Appling refused to retrieve the medication even after medical personnel explained to him that Plaintiff was not to miss a day of medication. *Id*. at 6.  Thus, Plaintiff has alleged sufficient facts to allow his deliberate indifference to serious medical needs claim to go forward against Corporal Appling for further factual development.

4

As for the Athens-Clarke County Sheriff's Department, it is not a legal entity subject to suit. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citations omitted) (recognizing that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit"). Thus, it is **RECOMMENDED** that any claim against the Athens-Clarke County Sheriff's Department be **DISMISSED** with prejudice.

As mentioned above, Plaintiff has been released from confinement. His requests for injunctive relief are, therefore, moot. *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) ("claims for declaratory and injunctive relief are . . . moot" following release from jail or prison). Thus, it is **RECOMMENDED** that any claim for injunctive relief be **DISMISSED** with prejudice.

IV.    <u>Conclusion</u>

For the foregoing reasons, Plaintiff's claims that Defendant Corporal Appling violated his Eighth Amendment rights shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's claims against the Athens-Clarke County Sheriff's Office and claims for injunctive relief be **DISMISSED with prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the United States District Judge **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district

judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendant Appling, it is accordingly **ORDERED** that service be made on Defendant and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS,
## PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff.  The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing

supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 19th day of January, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge